ON

MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG -8 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE PRACTICE OF        )
NATUROPATHY LITIGATION   )    DOCKET NO. 284

## OPINION AND ORDER

8/8/77

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A.
ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

PER CURIAM

      This litigation consists of 30 actions, each pending in a

different federal district. Plaintiffs in each action are identical, [1]/

and include physicians allegedly qualified to practice naturopathy,

students of naturopathy, persons who either receive or desire to

receive treatment from naturopathic physicians, and several physi-

cians' organizations allegedly involved in the development and

promotion of naturopathy throughout the United States. Defendants

in each action are the Food and Drug Administration (FDA), the

Department of Health, Education and Welfare (HEW) and its Secretary,

and the United States of America (collectively referred to herein

as the federal defendants). Each action also originally included as

---

*/ Judges Becker and Lord took no part in the consideration
or decision of this matter.

1/ In their complaints, plaintiffs define naturopathy as follows:
     "Naturopathy is a separate and distinct healing art,
     science and philosophy of medicine, that is, the art,
     science and philosophy of natural healing, by application
     of the laws of nature to the human body for its care and
     to prevent disease by any means that will assist the self-
     healing processes of the body."

defendants various states and counties and their boards of pharmacy and medicine. 2/

Except for some of the defendants named, the complaints in each action are identical.   In every complaint, plaintiffs challenge the constitutionality of several unspecified state statutes and regulations that allegedly restrict, prevent or discriminate against the practice of naturopathy.  Each complaint also challenges certain federal statutes and regulations concerning the prescription of various drugs in connection with patient treatment and the reimbursement for expenses incurred in caring for individuals covered by Medicare.  The plaintiffs pray for extensive declaratory and injunctive relief including requests, _inter alia_, that each court define the practice of naturopathy, establish a field of practice within that definition, and guarantee the right of certain plaintiffs to practice and receive naturopathic treatment.

The plaintiffs move the Panel for an order pursuant to 28 U.S.C. §1407 transferring all actions to the District of Idaho for coordinated or consolidated pretrial proceedings.  All responding state and local defendants oppose transfer.  Should the Panel find Section 1407 proceedings to be appropriate, however, many of these defendants oppose transfer to the District of Idaho and urge transfer to a more convenient and/or centrally located forum.  The federal defendants move the Panel to transfer only the claims against the federal defendants to the District of Maryland, the District of Connecticut or a centralized forum other than the District of Idaho.

2/Since the Panel hearing on this matter, we have been advised that the state and local defendants have been dismissed from the South Carolina and Wyoming actions.

We find that these actions involve common questions of fact and that their transfer under Section 1407 to the District of Maryland will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

All responding state and county defendants argue that these actions share no or few questions of fact, and that plaintiffs have not demonstrated otherwise.  The facts discovered in any action will relate solely to the statutes, regulations, policy decisions and alleged discrimination of the state and local defendants involved in that action, these parties contend. They maintain that the only commonality among these actions is that each defendant has allegedly engaged in some form of discrimination. Because the patterns of regulation of plaintiffs' practice of naturopathy range from complete prohibition to what plaintiffs allege are unconstitutionally unreasonable restrictions, if these matters were coordinated or consolidated for pretrial pro- ceedings, the transferee court would not be faced with one operative set of facts, but rather would be required to sort out over thirty regulatory systems that have been developed, administered and enforced without any coordinated reference to each other, these parties argue.  Therefore, they state, separate discovery will be required as to each state and local defendant and the possibility of any duplicative discovery is, at best, remote.

Several of these defendants also contend that the motion before the Panel is premature.  These parties argue that the complaints in this litigation fail to state a claim for which relief can be granted and/or that the various federal district courts before which these actions are pending lack subject matter jurisdiction.  It is maintained that the defendants should be given an opportunity to test the jurisdiction of the potential transferor courts and the validity of the complaints before any Section 1407 transfer is undertaken.  Should the Panel order coordinated or consolidated pretrial proceedings now, these parties contend, resolution of these threshold issues would be unduly delayed.

Defendants' arguments that there are a multiplicity of disparate federal, state and local statutes and regulatory procedures concerning naturopathy, while undeniably true, simply do not address the issue of whether these actions involve significant common questions of _fact_.  We find it clear that the basic factual inquiries in this litigation will center not on how the various jurisdictions define or regulate naturopathy, but rather upon the fundamental questions of precisely what naturopathy is, whether naturopathic treatment is beneficial and

efficacious, what are the valid distinctions, if any, between naturopathy and the "orthodox" practice of medicine, what training naturopathic physicians receive, and what are the valid distinctions, if any, between natural medicines and prescription drugs.  Transfer under Section 1407 is thus necessary in order to eliminate duplicative discovery, avoid the possibility of conflicting pretrial rulings and conserve judicial effort.  Any issues unique to a particular action may be scheduled by the transferee judge to proceed concurrently with the common pretrial matters.  See In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403, 1406 (J.P.M.L. 1974).

Nor is transfer under Section 1407 premature because of defendants' desire to challenge the sufficiency of the complaints and/or the jurisdiction of the federal courts. Indeed, presentation of these matters to a single judge will further the purposes of Section 1407.  See In re Molinaro/Catanzaro Patent Litigation, 380 F. Supp. 794, 795 (J.P.M.L. 1974).

Because these 30 actions are pending throughout the entire United States, and because no overall focal point of discovery has emerged, no district stands out as the most appropriate transferee forum.  On balance, however, we are persuaded that the District of Maryland is the most preferable.

Inasmuch as the federal defendants are common to all actions in this litigation, several relevant documents and witnesses are located in nearby Washington, D.C.  The Panel is reluctant, however, to transfer multidistrict litigation to a district wherein none of the constituent actions is pending.  <u>In re Air Crash Disaster Near Papeete, Tahiti, on July 22, 1973</u>, 397 F. Supp. 886, 887 (J.P.M.L. 1975).  The District of Maryland is the closest district to the District of Columbia wherein an action before us is pending.  In addition, several parties anticipate that this litigation will involve many expert medical and pharmaceutical witnesses and that those witnesses are likely to be found at the larger pharmaceutical companies and major medical schools in the East.

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the District of Maryland be, and the same hereby are, transferred pursuant to 28 U.S.C. §1407 to the District of Maryland and, with the consent of that court, assigned to the Honorable Joseph H. Young for coordinated or consolidated pretrial proceedings with the action already pending there and listed on Schedule A.

MDL-284 -- IN RE THE PRACTICE OF NATUROPATHY LITIGATION

## SCHEDULE A

### DISTRICT OF ALASKA

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. A76-237-Civ

### DISTRICT OF ARIZONA

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. Civ 76-641-WPC

### CENTRAL DISTRICT OF CALIFORNIA

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. CV76-2901-RMT

### DISTRICT OF COLORADO

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. Unites States Food and Drug Administration,
et al., C.A. No. 76-M-895

### DISTRICT OF CONNECTICUT

Idaho Association of Naturopathic Physicians, Inc.,
et al., v. United States Food and Drug Administration,
et al., C.A. No. H76/365

### SOUTHERN DISTRICT OF FLORIDA

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. 76-6402-Civ-CA

### SOUTHERN DISTRICT OF GEORGIA

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration
et al., C.A. No.CV476-235

### DISTRICT OF HAWAII

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. 76-0330

MDL-284 -- p. 2                         SCHEDULE A

### DISTRICT OF IDAHO

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. Civ 1-76-176

### DISTRICT OF MARYLAND

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. Y76-1375

### DISTRICT OF MASSACHUSETTS

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. 76-3284-M

### EASTERN DISTRICT OF MICHIGAN

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. 671853

### DISTRICT OF MINNESOTA

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. Civ 3-76-342

### SOUTHERN DISTRICT OF MISSISSIPPI

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. J76-265 (R)

### EASTERN DISTRICT OF TENNESSEE

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. 1-77-203

### NORTHERN DISTRICT OF TEXAS

Idaho Association of Naturopathic Physicians, Inc.
et al. V. United States Food and Drug Administration,
et al., C.A. No. CA3-76-1325-F

MDL-284 -- p. 3                            SCHEDULE A

### DISTRICT OF UTAH

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. C-76-289

### WESTERN DISTRICT OF WASHINGTON

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. C76-627V

### EASTERN DISTRICT OF WISCONSIN

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. 76-C-647

### DISTRICT OF WYOMING

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. C76-168

### NORTHERN DISTRICT OF ILLINOIS

Idaho Associaition of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. 76C3323

### DISTRICT OF KANSAS

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration
et al., C.A. No.  76-143-C5

### WESTERN DISTRICT OF MISSOURI

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. 76CV562-W-1

### DISTRICT OF MONTANA

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. CV76-115-BLG

DISTRICT OF NEVADA

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. LV-76-166-RDG

SOUTHERN DISTRICT OF NEW YORK

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. 76 Civ 4061

WESTERN DISTRICT OF NORTH CAROLINA

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. A-C-76-145

DISTRICT OF OREGON

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. 76-788

MIDDLE DISTRICT OF PENNSYLVANIA

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. Civ 76-1168

DISTRICT OF SOUTH CAROLINA

Idaho Association of Naturopathic Physicians, Inc.,
et al. v. United States Food and Drug Administration,
et al., C.A. No. 76-1674